The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## Wm. BALFOUR, Appellant, v. J. C. COLLINS, Appellee.
### No. 3241.

Court of Civil Appeals of Texas. Amarillo.
May 14, 1930.

Cooper & Lumpkin, of Amarillo, for appellant.

R. E. Stalcup, of Dalhart, for appellee.

RANDOLPH, J.

We heretofore certified the controlling question in this case to the honorable Supreme Court of Texas for instruction.

The certificate containing the statement of the case, together with the question propounded to the Supreme Court and their answer to same through and by the Commission of Appeals, appears in 25 S.W.(2d) 804.

In deference to the answer of the Commission of Appeals, as approved by the Supreme Court, we therefore reverse the judgment of the trial court and here remand the cause for a new trial under the instructions contained in the opinion of the Commission of Appeals.

## Maurice McKAMEY v. STATE.
### No. 13594.

Court of Criminal Appeals of Texas.
May 21, 1930.

G. H. Crane, of Dallas, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for robbery; punishment, five years in the penitentiary.

We find accompanying the record the sworn request of appellant asking that his appeal be dismissed. It is to be regretted that we have no power to grant appellant's request that his term of service begin from the date

186

of his sentence. If an attorney came to the jail and talked to appellant, and then without his authority instructed that the appeal be perfected, and this was without appellant's authority, this might furnish ground for a charge against the attorney.

The appeal is dismissed at the request of appellant.